IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER R. LAM-QUANG-VINH,

                        Plaintiff,

    v.

SPRINGS WINDOW FASHIONS, LLC,

                        Defendant.

OPINION AND ORDER

20-cv-384-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Springs Window Fashions, LLC manufactures and distributes window coverings. Plaintiff Jennifer R. Lam-Quang-Vinh worked for defendant as the senior manager of global trade and customs for about a year, starting in January 2019. Plaintiff says she was fired in violation of the False Claims Act, 31 U.S.C. §§ 3730(h), after identifying and reporting what she reasonably believed were defendant's violations of tariff laws. In particular, plaintiff reported to defendant's management team and legal counsel that she thought that defendant was misrepresenting the country of its products' origin to avoid paying trade tariffs.

      Now before the court is defendant's motion to dismiss. Dkt. #9. First, defendant argues that plaintiff has not complied with the requirements for bringing a *qui tam* action under the False Claims Act. However, plaintiff's is not bringing a *qui tam* action, dkt. #12 at 1, she is bringing a retaliation lawsuit. Defendant's arguments regarding *qui tam* actions are irrelevant. Second, defendant argues that plaintiff's allegations are insufficient to state a retaliation claim. Because defendant's arguments are not persuasive, I will deny the motion.

1

OPINION

The False Claims Act's whistleblower provision prohibits retaliation against employees who taken "lawful acts" done "in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h). To plead retaliation under § 3730(h), a plaintiff must allege that (1) she engaged in protected activity; (2) the employer knew about the activity; and (3) the employer took adverse action against her because of her protected activity. Halasa v. ITT Educational Servces, Inc., 690 F.3d 844, 847 (7th Cir. 2012); Fanslow v. Chicago Mfg. Ctr., Inc., 384 F.3d 469, 479 (7th Cir. 2004). Defendant contends that plaintiff's claim should be dismissed because she has failed to allege facts suggesting that she engaged in a protected activity.

Plaintiff's allegations are sufficient to state a retaliation claim. Plaintiff alleges that she told her superiors, defendant's executive management team and defendant's legal counsel that she thought defendant was wrongfully evading trade tariffs by intentionally misrepresenting to the United States Customs and Border Protection that the country of its products' origin was not China. Dkt. #1, ¶ 11. She also alleges that she reported to her supervisor that defendant was wrongfully refusing to test fabric samples to confirm the country of its products' origin. Id., ¶ 12. She alleges that she was terminated as a result of her reports. At the pleading stage, plaintiff's allegations are sufficient to suggest that she acted in effort to stop potential violations of the False Claims Act and that she was fired in retaliation for her efforts. Hasala, 690 F.3d at 848 ("reporting suspected misconduct to internal supervisors" is protected conduct under the False Claims Act); Klee v. McHenry County College, No. 15-CV-04813, 2017 WL 3168973, at *2 (N.D. Ill. July 26, 2017)("Reports to supervisors are a natural first step to stopping

fraudulent activity and, depending on the employee's position and the employer's response, may be the only activity they can engage in before filing their lawsuit.").

Defendant's arguments to the contrary are not persuasive. Defendant cites several cases that were decided against the plaintiff employee at the summary judgment stage, in part because the employee could not prove that a reasonable employee would have thought that the employer was committing fraud against the government. Dkt. #13 at 6-7 (citing several cases). However, these cases discuss the standard for proving a False Claims Act retaliation claim after facts have been developed and evidence has been presented to the courts. They do not discuss pleading requirements.

Defendant also argues that, in light of plaintiff's allegation in her complaint that she was experienced and knowledgeable regarding tariffs and import requirements, her allegation that she believed defendant was committing fraud is implausible. Again, this argument can be raised at summary judgment. Plaintiff is not required to prove her retaliation claim in her complaint. She is required only to plead "sufficient factual matter" which, if accepted as true, "states a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations in plaintiff's complaint are sufficient to meet this standard.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant Springs Window Fashions, LLC, dkt. #9, is DENIED

Entered this 19th day of October, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge